IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:20-cv-00164-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **APPROXIMATELY $3,405.01 IN** | ) |
| **U.S. CURRENCY seized from** | ) |
| **Sonya Renee Fair on or about** | ) |
| **December 18, 2019, in Buncombe** | ) |
| **County, North Carolina,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFAULT JUDGMENT OF FORFEITURE

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture. [Doc. 6]. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the $3,405.01 in United States Currency ("the Defendant Currency") identified in the Government's Verified Complaint [Doc. 1].

### I. FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint.

See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Complaint [Doc. 1] are deemed admitted as true. The following is a recitation of the relevant, admitted facts.

On December 18, 2019, Officers Christopher Katt and Nicholas Jones with the Asheville Police Department ("APD") were patrolling in the area of the Pisgah View Apartments, located at 1 Granada Street, Asheville, NC. [Doc. 1 at ¶ 7]. The Pisgah View Apartments are located in a high crime area. [Id. at ¶ 8]. There have been numerous homicides, violent gun crimes, crimes associated with the sale of controlled substances, drug overdoses, and other criminal incidents in this area. [Id.].

At approximately 7:07 p.m. on December 18, 2019, Officer Katt was driving on State Street when he observed a blue sedan traveling towards him with a front headlamp that was not working. [Id. at ¶ 9]. Officer Katt turned his marked APD patrol vehicle around, got behind the blue sedan, identified the vehicle as a Nissan Altima, and initiated a traffic stop at Carrier Park on Amboy Road, Asheville, NC. [Id. at ¶ 10]. The vehicle came to a stop at 220 Amboy Road. [Id. at ¶ 11]. Officer Katt exited his patrol vehicle and

made a driver's side approach to the Nissan Altima. [Id.]. Officer Jones approached the passenger side. [Id.]. As Officer Katt approached the driver's side of the vehicle, he detected a strong odor of marijuana coming from the interior of the vehicle. [Id. at ¶ 12]. As Officer Katt got closer to the driver's side window, the smell of the odor of marijuana became stronger. [Id. at ¶ 13]. Officer Katt immediately recognized the driver as Sonya Renee Fair. [Id. at ¶ 14]. There was also a male juvenile in the vehicle with Ms. Fair. [Id.].

Officer Katt was aware that Ms. Fair had multiple outstanding warrants for probation violations. [Id. at ¶ 15]. Officer Katt asked Ms. Fair to turn off the car and step out of the vehicle. [Id. at ¶ 16]. Ms. Fair complied and exited the vehicle. [Id.]. Officer Katt placed Ms. Fair under arrest for her outstanding warrants. [Id. at ¶ 17]. While conducting an initial search of Ms. Fair incident to her arrest, Officer Katt located an unusually large amount of loose U.S. Currency in both of Ms. Fair's pants pockets. [Id. at ¶ 18]. Additional officers arrived on the scene and stayed with Ms. Fair as Officer Katt conducted a probable cause search of the vehicle based upon the odor of marijuana that had been detected. [Id. at ¶ 19]. During the search of the vehicle, Officer Katt located two separate packaged baggies of marijuana inside of a backpack in the rear driver's side seat, which totaled

9.2 grams of marijuana. [Id. at ¶ 20]. Also inside the backpack, Officer Katt found two orange pill bottles containing a total of 51 dosage units of prescription opiates. [Id.]. Both orange pill bottles were prescribed to an individual named "Andre Payton." [Id.].

Meanwhile, a female officer arrived on scene and conducted a more thorough search of Ms. Fair. [Id. at ¶ 21]. During the search, the officer located $3,405.01 in U.S. Currency (the "Defendant Currency") in Ms. Fair's jeans pockets. [Id.]. Officers seized the Defendant Currency and Ms. Fair's cell phone. [Id.].

Officer Katt and Officer Jones transported Ms. Fair to the Buncombe County Detention Facility. [Id. at ¶ 22]. While at the facility, Officer Jones provided Ms. Fair Miranda warnings and Ms. Fair agreed to speak with Officer Jones about the incident. [Id.]. Ms. Fair stated that she was in possession of the two baggies of marijuana and the opiate pills, and that the baggies were packaged separately because they were two different flavors. [Id. at ¶ 23]. Ms. Fair further stated, "I smoke weed and I'm on pills." [Id.]. Ms. Fair then stated, "I have Rey's prescription" (Referring to the pills). [Id. at ¶ 24]. Officer Katt inferred that "Rey" was Andre Payton. [Id.]. Andre Eugene Payton has an extensive criminal history that includes possession

4

with the intent to sell or deliver cocaine and numerous other drug offenses. [Id. at ¶ 25].

Ms. Fair was arrested and charged with a traffic violation and various drug-related offenses, including possession with intent to manufacture, sell, or deliver a Schedule II controlled substance, trafficking opiates, and possession with intent to manufacture, sale, or deliver a Schedule VI controlled substance. [Id. at ¶ 26]. Officer Katt also served Ms. Fair's outstanding probation violation warrants. [Id.].

The next day, on December 19, 2019, a trained and certified narcotics K-9 positively alerted to the presence of the odor of drugs on the Defendant Currency. [Id. at ¶ 27].

## II.   PROCEDURAL BACKGROUND

On June 26, 2020, the Government filed a Verified Complaint for Forfeiture in Rem, alleging that the Defendant Currency seized from Ms. Fair on or about December 18, 2019, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. The same day the Complaint was filed, the Clerk issued a Warrant of Arrest in Rem for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government provided

5

Case 1:20-cv-00164-MR-WCM   Document 8   Filed 12/07/20   Page 5 of 8

direct notice of this action to known potential claimants. Specifically, on June 29, 2020, the Government mailed notice and a copy of the Complaint to Ms. Fair at her addresses of record via certified mail. [See Doc. 7-1]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov from June 30, 2020, until July 29, 2020. [Doc. 3].

During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency. On October 22, 2020, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Government filed a motion for entry of default. [Doc. 4]. On October 23, 2020, the Clerk entered default. [See Doc. 5].

## III. DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in

exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency. After careful review, the Court finds that the Government has established that default judgment is appropriate.

## IV. JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 6] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following property:

$3,405.01 in U.S. Currency seized from Sonya Fair on or about December 18, 2019, in Buncombe County, North Carolina

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Currency as provided by law.

**IT IS SO ORDERED.**

Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge